UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JEROME L. GRIMES,

Plaintiff,

v.

MOSSY NISSAN KEARNY MESA,

Defendant.

Case No.:  22-CV-1345 TWR (JLB)

**ORDER (1) DISCHARGING ORDER TO SHOW CAUSE, (2) DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S ADDRESS, (3) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, (4) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e), AND (5) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**

(ECF Nos. 1, 2, 6, 7)

Plaintiff Jerome L. Grimes, proceeding pro se, initiated this action against Defendant Mossy Nissan Kearny Mesa on September 6, 2022, filing a Complaint (ECF No. 1, "Compl.") and Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (ECF No. 2 ("IFP Mot.")).  In the ensuing months, the Court served Plaintiff with several filings via U.S. Mail, and each was returned by the Post Service as undeliverable.  (*See* ECF Nos. 3, 4, 5.) On March 16, 2023, Plaintiff filed a Notice of Change of Address, which the Clerk of Court designated as "incomplete."  (*See* ECF No. 6.)  Consequently, on March 20, 2023, the

/ / /

Court ordered Plaintiff to file a complete Notice of Change of Address or to show cause why this action should not be dismissed within fourteen days.[1]  (*See* ECF No. 7.)

## I.    Order to Show Cause and Notice of Change of Address

Upon further inspection, the Court finds Plaintiff's Notice of Change of Address sufficient.  The Notice designates Plaintiff's current address as: "GENERAL DELIVERY, Montclair, CA 91763-9999."  (*See* ECF No. 6.)  "General delivery service permits a person to receive mail addressed merely to his or her name, with the designation 'General Delivery, [City Name]'" and "is intended primarily to serve as a temporary means of delivery, although homeless persons may use the service indefinitely."  *Currier v. Potter*, 379 F.3d 716, 722 (9th Cir. 2004) (citations omitted); *see also* Domestic Mail Manual § 508.6.1 ("General delivery is intended primarily as a temporary means of delivery: a. For transients and customers not permanently located. b. For customers who want Post Office box service when boxes are unavailable.")  Accordingly, the Court **DISCHARGES** its Order to Show Cause and **DIRECTS** the Clerk of Court to update the Docket to reflect Plaintiff's current address.

## II.    Motion to Proceed *in Forma Pauperis*

The Court now turns to Plaintiff's pending IFP Motion.  All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "All persons, not just prisoners, may seek IFP status."  *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011).  A plaintiff

---

[1]    That Order was also returned as undeliverable.  (*See* ECF No. 8.)

[2]    In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *McQuade*, 647 F.3d at 940). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* While the IFP statute does not itself define what constitutes insufficient assets, a party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, Plaintiff sufficiently demonstrates that paying court costs would hinder his ability to afford the necessities of life. Plaintiff has submitted an affidavit demonstrating that he is unemployed ("Ph.D. Student temporarily on leave") and does not have an employed spouse. (*See* IFP Mot. at 2.) Plaintiff has not claimed any assets and his bank account has a balance of $0.54. (*Id.* at 2–3.) Moreover, Plaintiff has a monthly income of $871.00 and monthly expenses of $895.00. (*Id.* at 2, 5.) If a filing fee represents "roughly forty percent [of the movant]'s monthly income *before* expenses," the Court should grant IFP status. *See Escobedo*, 787 F.3d at 1235 (emphasis in original). Here, the filing fee of $402 represents roughly 46% of Plaintiff's monthly income before expenses. Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## III.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Because the Court has granted Plaintiff leave to proceed IFP, it must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, courts shall review and *sua sponte* dismiss any complaint that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

/ / /

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires that complaints "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" will not suffice. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff appears to bring two claims against Defendant Mossy Nissan Kearny Mesa: (1) fraud and (2) supervisory negligence.  (*See* ECF No. 1-1.)  In the absence of any reference to controlling law in the Complaint, the Court assumes Plaintiff's claims arise under California state common law.  For the reasons discussed below, the Court finds that Plaintiff's Complaint fails to establish jurisdiction and fails to state a claim upon which relief may be granted.

### A.     Subject-Matter Jurisdiction

As a preliminary matter, all complaints must contain "a short and plain statement of the grounds for the court's jurisdiction."  *See* Fed. R. Civ. P. 8(a)(1); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Here, Plaintiff's Complaint does not contain a statement of jurisdiction.  (*See generally* Compl.)  The Court will, however, consider Plaintiff's Civil Cover Sheet, which asserts that the Court has subject-matter jurisdiction based on a federal question and diversity.  (*See* ECF No. 1-1); *see also Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.").

Federal question jurisdiction provides federal courts with the ability to hear any action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. Because Plaintiff's Complaint does not identify any constitutional provision, federal law, or treaty under which his fraud and negligence claims arise, (*see generally* Compl.), the Court finds that there is no federal question appearing on the face of the Complaint, *see, e.g., Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987))). Accordingly, the Court does not have subject-matter jurisdiction based on a federal question.

Alternatively, a federal court may exercise diversity jurisdiction if there is complete diversity of citizenship between adverse parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. On his Civil Cover Sheet, Plaintiff claims that Defendant is a citizen of California and that he is a citizen of a different state. (*See* ECF No. 1-1.) But a party invoking diversity jurisdiction must identify the state of citizenship of each of the parties. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[Defendants'] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction.").

Although the Complaint identifies Defendant Mossy Nissan Kearny Mesa's "premises" as "8118 Clairemont Mesa Blvd., San Diego, California," (Compl. at 4), the location of a "premises" is not necessarily indicative of Defendant's citizenship for jurisdictional purposes. Moreover, based on the Complaint, it is unclear whether Defendant is a corporation, limited liability company, or another type of entity. This ambiguity prohibits the Court from determining Defendant's citizenship. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (explaining that a corporation is a citizen of the state where it is incorporated as well as the state where it maintains its principal place of business); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 190 (1990) (explaining that unincorporated associations and partnerships are citizens of each state in which their

members are citizens); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that limited liability companies are citizens of each state in which their members are citizens).

Finally, diversity jurisdiction requires an amount in controversy in excess of $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014). Here, Plaintiff claims $3,400,000 in damages. (*See* ECF No. 1-1; *see also* Compl. at 9; *see also id.* at 12 (claiming Plaintiff actually lost "more than $21,000,000.00 (twenty-one million dollars)").) According to the Complaint, these damages are based on Plaintiff's assertion that Defendant caused him to lose the following personal property: "valuable trade secrets . . . (2-business plan coloring book retail product[s])," "2-dissertations works-of-arts research in-progress," "2-laptop computers," "(2) two-gas cans," various DVDs, confidential legal mail, and a list of personal property. (Compl. at 9–10.)

"[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, . . . the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938). Nowhere in the Complaint does Plaintiff explain how the property at issue is worth over three million dollars. (*See generally* Compl.) In fact, without further detail, it is not readily apparent from the Complaint how the property could be worth even $75,000. Aside from this personal property, Plaintiff does not claim any other type of compensatory damages (such as emotional distress, for example), punitive damages, or injunctive relief—the monetary value of which the Court could consider in the amount-in-controversy valuation. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Therefore, the Court cannot accept Plaintiff's amount-in-controversy estimate as a good faith allegation. *See Dart Cherokee Basin*, 574 U.S. at 87. Accordingly, the Court finds that it does not have subject matter jurisdiction based on a diversity.

Because Plaintiff fails to establish that the Court has either federal question jurisdiction or diversity jurisdiction, the Court **DISMISSES** Plaintiff's Complaint for lack of subject-matter jurisdiction.

### B.    Fraud Claim

In addition to the aforementioned jurisdictional issues, the Complaint also fails to state a claim for common law fraud "that is plausible on its face." *See Iqbal*, 556 U.S. at 678. "Under California law, the elements of common law fraud are 'misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages.'" *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1131 (N.D. Cal. 2009) (quoting *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal. App. 4th 1371, 1381 (2006)). By way of brief background, it appears that Plaintiff went to Defendant's automobile repair shop to get his car fixed, received a rental car, and was subsequently arrested for failing to return that rental car in a timely manner. (*See generally* Compl.) From the Complaint, the Court gleans that the Plaintiff's lost personal property was in that rental car. (*See id.* at 9–13.)

As for Plaintiff's fraud claim, the Complaint alleges Defendant's employee— "Darryl (Doe)"—and his coworkers "committed fraud through supervisory negligence by lying (i.e., fraud)" because they told Plaintiff that his car's transmission fluid pan had a hole in it, when a later inspection by an insurance agent revealed that it did not. (*See id.* at 2–3.) Yet, nowhere in the Complaint does Plaintiff allege that Defendant's employees knew the statement about the fluid pan was false when it was made. (*See generally id.*) Nor does the Complaint allege that the employees made this statement with an intent to defraud Plaintiff. (*See generally id.*)

Moreover, the Complaint fails to explain how Plaintiff justifiably relied on Darryl's statement about the fluid pan or how such reliance caused Plaintiff's damages. (*See generally id.*) According to the Complaint, Plaintiff lost his personal property because Defendant and Enterprise Rent-a-Car filed a police incident report when Plaintiff failed to return his rental vehicle. (*See id.* at 7.) Although Plaintiff claims the filing of this report was "malicious, defaming & prejudicial," he does not assert that it was an act of fraud. (*See id.* at 9.) In sum, it is unclear how Defendant's alleged misrepresentation about the fluid pan in Plaintiff's car caused Plaintiff to lose the personal property in his rental vehicle. And an allegation of misrepresentation does not alone state a claim for fraud.

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim for common law fraud pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   The Court therefore **DISMISSES** Plaintiff's fraud cause of action.

### C.   *Negligence Claim*

Plaintiff's claim for common law negligence fares no better.  The essential elements of negligence under California common law are (1) a legal duty to use reasonable care and (2) a breach of that duty (3) which actually and proximately causes (4) damages to a person or property.  *See, e.g., Mendoza v. City of L.A.*, 66 Cal. App. 4th 1333, 1339 (1998) (citing *Wattenbarger v. Cincinnati Reds, Inc.*, 28 Cal. App. 4th 746, 751 (1994)).

According to Plaintiff, Defendant's employee, Darryl, failed to uphold his duty of care because he did not tell Plaintiff which rental car location would be providing Plaintiff's rental vehicle.  (Compl. at 2.)  This failure allegedly caused Plaintiff to lose contact with the rental car company.  (*Id.*)  Plaintiff separately alleges that Defendant's employees "unjustifiably refused" to repair Plaintiff's transmission, (*id.* at 3), and "conspired [in a] pre-textual 'rouse' with malice and racial discrimination to illegally induce the plaintiff to not get his [car] out of the automobile repair shop," (*id.* at 5).  It is unclear from the Complaint, however, whether Plaintiff believes these acts also constitute a breach of duty.  Defendant subsequently sent a Notice of Demand for Rental Car to Plaintiff's Florida residence, despite knowing Plaintiff "was 'stranded/covertly intimidated without force & fear' in unforeseen imminently dangerous snow conditions in the state of Colorado, and 'not' in the state of Florida." (*Id.* at 7.)  Again, it is unclear whether Plaintiff believes this constitutes a breach of duty.  After sending the Notice, Defendant and Enterprise Rent-a-Car then filed a police report, (*id.*), and Plaintiff was arrested for "aggravated automobile theft/(over due rental car)/embezzlement of rental vehicle," (*id.* at 2).  Plaintiff seems to have lost his personal property inside the rental vehicle as a result his arrest.  (*See id.* at 7.)

Plaintiff's Complaint fails to connect these factual allegations to the elements of common law negligence.  Plaintiff has not alleged that the Parties had a contractual

relationship or a special relationship that legally entitled him to a certain duty of care. *See Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958); *Beacon Residential Cmty. Ass'n v. Skidmore, Owings & Merril LLP*, 59 Cal. App. 4th 568, 573 (2014). Even assuming Defendant had a general duty of care to act as a reasonably prudent automobile repair shop would under the same circumstances, Plaintiff has failed to sufficiently allege how Defendant breached this duty. The Complaint's only explicit allegation of a "failure of duty of care" is its assertion that Defendant's employee did not tell Plaintiff which location would be providing Plaintiff's rental vehicle. (Compl. at 2.) This fact, accepted as true, does not support a plausible allegation of breach. *See Jackson v. Ryder Truck Rental, Inc.*, 16 Cal. App. 4th 1830, 1838 (1993) (requiring (1) failure to use ordinary care, (2) creation of a risk, and (3) carelessness to find breach). Plaintiff also fails to explain how Defendant's other acts of alleged wrongdoing—such as failing to repair the transmission, sending a Notice of Demand to Plaintiff's residence in Florida, and filing a police report— constitute a breach of any duty. (*See generally* Compl.)

Moreover, the Complaint does not plausibly allege that Defendant was the actual and proximate cause of Plaintiff's injury. Proximate causation requires the defendant's conduct to be a substantial factor in causing the plaintiff's harm. *Mitchell v. Gonzales*, 54 Cal. 3d 1041, 1052 (1991). This means that the effects of a defendant's negligent conduct must have operated actively and continuously to bring about the plaintiff's ultimate harm. *See Osborn v. Irwin Mem'l Blood Bank*, 5 Cal. App. 4th 234, 253 (1992). Furthermore, causation cannot be established if a superseding, unforeseeable force intervenes between the alleged act of negligence and the plaintiff's injury. *See, e.g., Hart v. Brown*, 103 Cal. 3d. 947, 964 (1980); *Schrimsher v. Bryson*, 58 Cal. 3d 660, 664 (1976). Here, it is unclear how Defendant's alleged negligence—i.e., failing to tell Plaintiff which location would be providing his rental car—could have caused Plaintiff to lose the property within that rental car upon his eventual arrest.

/ / /

/ / /

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim for common law negligence pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court therefore **DISMISSES** Plaintiff's negligence cause of action.

### D.    *Leave to Amend*

Although Plaintiff has failed to allege subject-matter jurisdiction or to state a claim for common law fraud or negligence, the Court grants Plaintiff leave to amend.  *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

In light of the foregoing, the Court:

(1)  **DISCHARGES** its Order to Show Cause (ECF No. 7);

(2)  **DIRECTS** the Clerk of Court to update the Docket to reflect Plaintiff's current address consistent with his Notice of Change of Address (ECF No. 6);

(3)  **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2) pursuant to 28 U.S.C. § 1915(a); and

(4)  **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) *sua sponte* for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff **MAY FILE** an amended complaint curing the above-identified deficiencies <u>within sixty (60) days of the date of this Order</u>.  *If Plaintiff fails to file an amended complaint within the time provided, this action shall be closed without further Order of the Court.*

**IT IS SO ORDERED.**

Dated:  April 17, 2023

Honorable Todd W. Robinson
United States District Judge

11

22-CV-1345 TWR (JLB)