UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MOSSY NISSAN KEARNY MESA,<br><br>　　　　　　　　　Defendant. | Case Nos.: 22-CV-1345 TWR (JLB)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS ELECTRONICALLY, (2) DISMISSING CLAIMS WITH AND WITHOUT PREJUDICE, AND (3) GRANTING LEAVE TO AMEND FIRST AMENDED COMPLAINT**<br><br>(ECF Nos. 11, 12) |

Presently before the Court are Plaintiff Jerome L. Grimes's First Amended Complaint (ECF No. 11 ("FAC")), and Motion for Leave to File Documents Electronically (ECF No. 12 ("ECF Mot.")). Because Plaintiff is proceeding pro se and has been granted *in forma pauperis* ("IFP") status, the Court must screen his First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's ECF Motion, **DISMISSES WITH PREJUDICE** Plaintiff's Fair Housing Act claim, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Title II and Title VI of the Civil Rights Act of 1964 claims and fraud claim.

///

# BACKGROUND

Plaintiff is an African American and Native American male proceeding pro se. (FAC ¶ 1.) Plaintiff purchased a vehicle repair warranty from Allstate Insurance Company that was effective from 2019 to 2024. (*Id.* ¶ 13; *see also* ¶ 17.) The warranty cost $3,000. (*Id.* ¶ 22.) The warranty allegedly covers certain repairs for his 2018 Nissan Kicks (SUV). (*See Id.* ¶ 14.) For reasons that are unclear, Plaintiff also, however, maintains that he entered into the warranty agreement with Defendant. (*Id.* ¶ 21.)

On December 1, 2021, Plaintiff brought his SUV to Defendant's repair shop to fix its continuously variable transmission ("CVT"). (*Id.* ¶ 14.) Defendant's employee, Darryl Hern, a Caucasian, allegedly informed Plaintiff on December 16, 2021, that Defendant would not repair the SUV because Defendant found a hole in the CVT that it suspected arose from Plaintiff striking something while driving, thereby voiding his warranty. (*Id.* ¶¶ 15, 18.) Plaintiff, however, denied that he had hit anything and asserted he would not continue paying $500 per month if Defendant would not honor his warranty. (*Id.* ¶ 16.)

Plaintiff then spoke with Allstate Insurance, which advised Plaintiff that it would send someone to inspect Plaintiff's CVT. (*Id.* ¶ 17.) On January 21, 2022, Allstate sent an agent to inspect the CVT, who concluded that there was no hole. (*See id.*) Allstate allegedly told Plaintiff that it did not understand why Defendant would not make the necessary repairs to the CVT. (*Id.*) Allstate apparently advised Plaintiff that it would pay Defendant $6,000 if Defendant agreed to repair Plaintiff's car. (*Id.*; *see also id.* ¶ 24.)

As a result of the events, Plaintiff demands $3,100,000 in damages. (*Id.* ¶ 33.) Plaintiff mentions Defendant is culpable for $21,000,000 in damages; however, it is not clear if he is also demanding that amount. (*Id.* ¶ 34.) Plaintiff vaguely attributes the amounts to compensatory, exemplary, and punitive damages, as well as a long list of other damages. (*See Id.*)

On September 9, 2022, Plaintiff brought this action against Defendant. (*See generally* ECF No. 1 ("Compl.").) On April 17, 2023, the Court dismissed the original

Complaint without prejudice for lack of subject matter jurisdiction and failure to state a claim and allowed Plaintiff to file an amended complaint to cure the deficiencies outlined in the Court's Order. (*See generally* ECF No. 9 ("Order").) Accordingly, Plaintiff filed the operative First Amended Complaint on May 19, 2023. (*See generally* FAC.)

## SUBJECT MATTER JURISDICTION

In its prior Order, the Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction. (*See* Order at 4–6.) The Court therefore begins, as it must, by assuring itself that it has jurisdiction over this action. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

All complaints must contain "a short and plain statement of the grounds for the court's jurisdiction." *See* Fed. R. Civ. P. 8(a)(1). Federal question jurisdiction is met if the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[F]ederal jurisdiction generally exists 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Plaintiff has remedied the prior jurisdictional defect by adding claims for racial discrimination pursuant to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* The Court therefore concludes that it now has subject matter jurisdiction over this action and proceeds to analyze the merits of Plaintiff's ECF Motion and the sufficiency of Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e).

## ECF MOTION

The Court now turns to Plaintiff's ECF Motion (ECF No. 12). Pursuant to Civil Local Rule 5.4, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to pro se litigants, however, "[u]nless otherwise authorized by the

22-CV-1345 TWR (JLB)

court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form."  Office of the Clerk, United Stated District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual, § 2(b) (Sept. 8, 2023).  "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual."  *Id.*  The manual refers to the Court's official website for CM/ECF technical specifications, *id.* at § 1(i), which include a "[c]omputer running Windows or Macintosh;" "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher;" "[i]nternet access supporting a transfer rate of 56kb or higher;" a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version;" a "[s]canner to image non-computerized documents 400 pixels per inch (ppi);" and a PACER account.  United States District Court, Southern District of California, CM/ECF Information: General Information, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited Feb. 14, 2024).

Plaintiff's ECF Motion comprises a declaration in which he identifies the specifications for his computer equipment and avers, "[t]he capabilities of the PLAINTIFF'S Dell laptop (Notebook) is speed, reliability, storage, and accuracy for repetitively uploading pdf-documents to the HEREIN Court's ECF System."  (ECF Mot. at 2.)  Plaintiff further avers that he has "read" the CM/ECF Administrative Policies and Procedures Manual and that he "agree[s] to abide by the rules and policies" outlined therein.  (*Id.* at 2–3.)

Plaintiff's ECF Motion remains deficient.  While Plaintiff includes information such as the make and model of his laptop, he fails to indicate whether his laptop complies with the requirements set forth on the Court's official website for CM/ECF technical specifications.  *See* United States District Court, Southern District of California, CM/ECF Information: General Information, https://www.casd.uscourts.gov/cmecf.aspx#undefined1

(last visited Dec. 8, 2023). Specifically, while Plaintiff indicates that he has "Windows Pro OA," and that "OA = OEM Activation which means that Windows version on that sticker would automatically activate if you use the OEM's Windows DVD to install Windows," it is not clear from the ECF Motion whether Plaintiff actually is running Windows. (*See* ECF Mot. at 2.) The ECF Motion similarly indicates that Plaintiff can "repetitively upload[] pdf-documents" to ECF from his laptop but fails to indicate whether Plaintiff has "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher," or a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)." (*See id.*) Nor does Plaintiff state whether he has "[i]nternet access supporting a transfer rate of 56kb or higher" or a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version." (*See id.*) In light of these failings, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's ECF Motion.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Because the Court previously granted Plaintiff leave to proceed IFP, it must screen Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, courts shall review and *sua sponte* dismiss any complaint or part thereof that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

Pursuant to Rule 8, a pleading must contain "a short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

2012). Rule 12(b)(6) requires that complaints "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" will not suffice. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Courts have a duty to construe a pro se litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Plaintiff's First Amended Complaint alleges Defendant violated "Federal Civil Rights Law of 1964 & 1968, forbidding racial discrimination (42 U.S.C. [§] 2000d)." (FAC at 2.)[1] The First Amended Complaint further alleges that Defendant committed fraud.[2] (*See* FAC ¶¶ 20, 22–23, 25–28, 34(A).) The Court addresses each claim in turn.

/ / /

/ / /

---

[1] Citations to page numbers refer to the CM/ECF-generated page numbers appearing in the upper right-hand corner of each page of the First Amended Complaint.

[2] Plaintiff has not realleged a claim for negligent supervision. (*See generally* FAC.) The Court therefore considers this claim waived. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not re-alleged in an amended pleading may be "considered waived if not repled"); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

## I. Title VI of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000d, *et seq.*)

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege that "(1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). Title VI only prohibits intentional discrimination. *See Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

Plaintiff has failed to state a claim for racial discrimination. First, he fails to allege that Defendant is a "program or activity receiving Federal financial assistance," 42 U.S.C. § 2000d. (*See generally* FAC.) Federal financial assistance is established "by way of grant, loan, or contract other than a contract of insurance or guaranty[.]" 42 U.S.C. § 2000d-1. Plaintiff appears to suggest that Defendant is a publicly traded corporation and, therefore, receives federal financial assistance. (*See* FAC ¶¶ 4, 11, 34(A).) Even assuming Defendant Mossy Nissan Kearny Mesa is a publicly traded corporation, which the Court finds dubious, being subject to regulation by the Securities Exchange Act, 15 U.S.C. §§ 78a *et seq.*, does not mean that an entity receives federal financial assistance. *See, e.g.*, *Talbert v. Beal Bank USA,* No. 23-cv-2147, 2023 WL 6465385, at *3–4 (E.D. Pa. Oct. 4, 2023) (dismissing Title VI claim with prejudice where plaintiff speculated that defendant received federal financial assistance because it was regulated by Securities Exchange Act).

Second, even if Plaintiff had included factual allegations that Defendant receives federal financial assistance, he has failed to allege a plausible claim of racial discrimination. Plaintiff alleges that Defendant's employee, Darryl Hearns, refused to repair Plaintiff's car because Hearns found a hole in the car's CVT that Hearns suspected arose from a crash, which voided Plaintiff's warranty. (*See* FAC ¶ 15.) A subsequent inspection by Allstate did not reveal a hole in Plaintiff's car's CVT. (*See id.* ¶ 17.) Because

Hearns is Caucasian and Plaintiff is a person of color, he believes that Defendant racially discriminated against him in refusing to repair his car. (*See id.* ¶¶ 18, 20.) Neither these factual allegations nor Plaintiff's conclusory assertions that Defendant racially discriminated against him, (*see id.* ¶¶ 14, 22, 25–27), give rise to a plausible inference of a Title VI violation. Indeed, Plaintiff has not alleged any facts suggesting Defendant or any of Defendant's employees acted with any discriminatory animus or were "engaging in racial discrimination," as required to state a claim. *See Fobbs*, 29 F.3d at 1447; *see also Joseph v. Boise State Univ.*, 667 Fed. App'x 241, 241–42 (9th Cir. 2016) (affirming dismissal of Title VI claim where plaintiff failed to allege facts sufficient to show any defendant discriminated against her on basis of race or national original); *Lak v. California*, No. 18-cv-160, 2018 WL 4378703, at *7 (C.D. Cal. July 17, 2018) (recommending dismissal of Title VI claim where plaintiff failed to allege facts showing defendants' actions were motivated by discriminatory animus), *report and recommendation adopted by* 2018 WL 4378711 (C.D. Cal. Sept. 10, 2018); *Akins v. San Diego Cmty. Coll. Dist.*, No. 12-cv-576, 2013 WL 3894915, at *5 (S.D. Cal. July 26, 2013) (dismissing Title VI claim where pro se plaintiff failed to "provide *any* factual allegations that Defendants' actions are motivated by race" and asserted only conclusory allegations (emphasis in original)); *Fleming v. City of Oceanside*, No. 10-cv-1090, 2010 WL 5148469, at *1–2 (S.D. Cal. Dec. 14, 2010) (granting motion to dismiss Title VI claim where claim was based on facts that plaintiff was white and did not receive promotion because such facts failed to "raise a right to relief above the speculative level" (quoting *Twombly*, 550 U.S. at 555)). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this claim.

## II.     Title II of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000a, *et seq.*)

Title II of the Civil Rights Act of 1964 guarantees that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any *place of public accommodation*, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a) (emphasis added). Title II only covers places of public

accommodation. *See id.* The following establishments qualify as places of public accommodation:

> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;
>
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;
>
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and
>
> (4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of any such covered establishment.

42 U.S.C § 2000a(b).

Car dealerships are not considered places of public accommodation. *See id.*; *see also Jones v. Brouwer*, No. 20-cv-7067, 2020 WL 7127125, at *3 (C.D. Cal. Oct. 16, 2020) (finding that car dealerships are not places of public accommodation). Because Defendant is a car dealership and, therefore, not a place of public accommodation, Plaintiff has failed to state a plausible Title II claim. The Court therefore **DISMISSES WITHOUT PREJUDICE** this claim.

**III.   Fair Housing Act (42 U.S.C. § 3601, *et seq.*)**

Plaintiff also purports to sue under the Civil Rights Act of 1968, (*see, e.g.*, FAC ¶ 4), but fails to specify under which provision he is suing. The Court presumes Plaintiff is attempting to state a claim under Title VIII, also known as the Fair Housing Act ("FHA"), which protects individuals from discrimination on the basis of race, color, or national origin in the sale or rental of housing. *See* 42 U.S.C. § 3604. None of Plaintiff's allegations relate

to the sale or rental of housing, and the Court can conceive of no argument as to how the FHA is relevant to Plaintiff's claims against Defendant Mossy Nissan. Accordingly, Plaintiff has failed to state a claim for relief under the FHA, and the Court **DISMISSES WITH PREJUDICE** this claim.

### IV. California Common Law Fraud

In California, the elements of common law fraud are (1) misrepresentation, (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damages. *Ryder v. Lightstorm Entm't, Inc.*, 246 Cal. App. 4th 1064, 1079 (2016). When alleging a fraud claim in federal court, "a party must state with *particularity* the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b) (emphasis added). The allegations ought to "be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The allegations must be accompanied by "the who what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

Despite the Court's identification of the deficiencies in Plaintiff's fraud claim in its prior Order, (*see* Order at 7–8), Plaintiff has not remedied the defects in pleading. (*Compare* FAC, *with* Compl.) As best the Court can discern, Plaintiff continues to allege that Defendant's employee, Darryl Hearns, advised him that Defendant would not repair Plaintiff's car's CVT because the CVT had a hole in it that was likely caused by an accident, thereby rendering Plaintiff's warranty void. (*See* FAC ¶ 15.) Allstate's subsequent investigation did not reveal a hole in the CVT. (*See id.* ¶ 17.) Plaintiff concludes, therefore, that Defendant lied to him regarding the condition of his car's CVT.

///

///

(*See id.*)[3]  Although Plaintiff appears to have alleged that Defendant made a misrepresentation to him regarding his car's CVT, Plaintiff fails to allege that Defendant knew its statement regarding the hole in Plaintiff's CVT was false or that Defendant made the statement with the intent of defrauding Plaintiff.  (*See generally* FAC.)  Nor does the First Amended Complaint explain how Plaintiff justifiably relied on the misrepresentation or how that reliance caused the variety of damages Plaintiff claims to have suffered.  (*See id.* ¶¶ 28, 33–34.)

Accordingly, Plaintiff has not established a plausible claim for common law fraud.  The Court, therefore, **DISMISSES WITHOUT PREJUDICE** this claim.

## V. Violation of Rule 8

Moreover, Plaintiff does not articulate a "short and plain statement" for any claims alleged, as required by Rule 8(a)(2).  "The primary purpose of Rule 8(a)(2) is to ensure the pleading gives a defendant fair notice of what plaintiff's claim is and the grounds upon which it rests in order to enable the [defendant] to answer and prepare for trial, and to identify the nature of the case."  *Segal v. Segel*, No. 20-cv-1382, 2022 WL 198699, at *6 (S.D. Cal. Jan. 21, 2022) (internal quotation marks and citation omitted).  "If the pleading contains [verbose] evidentiary [allegations], largely irrelevant or of slight relevance, rather than clear and concise [allegations] stating which defendants are liable to plaintiffs for which wrongs, based on evidence, then this purpose is defeated."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "The standard of liberality to which a pro se litigant is afforded does not exempt [him] from having to abide by the rules of the court whose jurisdiction [he] seeks to invoke."  *Segal*, 2022 WL 198699, at *6.  As such, "even a pro se litigant must comply with Rule 8(a)(2), and [his] noncompliance may be met with dismissal, including on a *sua sponte* basis."  *Id.*

---

[3]  Plaintiff also alleges that Defendant and its employees lied to Plaintiff on or around January 14, 2022, "'after' soliciting the PLAINTIFF'S 'NEW AUTOMOBILE BINDING CONTRACTUAL AGREEMENT AND NEW AUTOMOBILE PURCHASING FINANCING' with the Defendant . . . ." (FAC ¶ 26 (emphasis in original).)  Plaintiff, however, fails to include any further allegations concerning this additional lie and alleged new contract or how those facts demonstrate fraud.

The factual allegations in the First Amended Complaint are too disjointed and difficult to comprehend to put Defendant on notice of the claims against it. (*See generally* FAC.)  The Court had to exert significant effort to piece together Plaintiff's allegations in support of his claims. (*See generally id.*); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (complaints that fail to comply with Rule 8 "impose unfair burdens on litigants and judges" that may lead to misinterpretations and vulnerabilities to surprises at trial).  Additionally, the First Amended Complaint suffers from frivolous and delusional allegations that the Defendant has committed "economic espionage," committed "grand theft" of Plaintiff's "co-inherited" crude oil, engaged in "[r]acketeering," engaged in "[p]re-textual covert intimidation," committed "robbery," used "illegal technology" on Plaintiff with "terror[istic] INTENT," and has engaged in "illegal LULLING." (*See* FAC ¶¶ 23, 26, 28); *see also Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (explaining that judges reviewing claims pursuant to § 1915 have the authority to "pierce the veil of the complaint's factual allegations" and dismiss "claims describing fantastic or delusional scenarios").  Accordingly, the Court also **DISMISSES** Plaintiff's First Amended Complaint for violating Rule 8.

**VI.     Leave to Amend**

"A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012))).

Because Plaintiff added claims under Title II and Title VI and has not previously had an opportunity to amend them, out of an abundance of caution, the Court will grant Plaintiff leave to amend those claims.  Likewise, because Plaintiff only has amended his Complaint once, the Court will grant him one final opportunity to amend his fraud claim.  Plaintiff may not, however, amend his Fair Housing Act claim, as the crux of his First Amended Complaint does not relate to housing.  Any attempt at amendment would be futile because no set of facts could cure this deficiency.

To be clear, the Court is granting Plaintiff leave to amend his Title II and Title VI claims against Defendant Mossy Nissan Kearny Mesa. To the extent Plaintiff is attempting to state a claim under the Civil Rights Act of 1968 that does not arise under the Fair Housing Act, Plaintiff is granted leave to do so but must specify under which provision he is suing. Plaintiff otherwise may not add new claims or parties, or resurrect claims that have been waived, *see supra* note 2, without leave of Court.

## CONCLUSION

In light of the foregoing, the Court *sua sponte* **DISMISSES WITH PREJUDICE** Plaintiff's Fair Housing Act claim. Also, the Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff's Title II and Title VI claims and fraud claim. Plaintiff **MAY FILE** a second amended complaint curing the above-identified deficiencies within sixty (60) days of the date of this Order. *If Plaintiff fails to file an amended complaint within the time provided, this action shall be closed without further Order of the Court.*

**IT IS SO ORDERED.**

Dated: March 14, 2024

_____
Honorable Todd W. Robinson
United States District Judge